IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRANDON I. RANDALL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 11-cv-1058-MJR-SCW |
| | ) |
| **MATTHEW KELTNER,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 19). Specifically, Plaintiff seeks a default judgment against Defendant Keltner because Defendant has failed to Answer or otherwise plead to Plaintiff's Complaint and the time for filing an Answer has passed. Defendant Keltner was sent a request for waiver of service on August 24, 2012 (Doc. 13). That waiver was unexecuted and on November 5, 2012, the Court appointed the Marshals to serve summons on Defendant (Docs. 14 & 15). That summons was served on January 24, 2013 and Defendant's Answer was due on February 14, 2013 (Doc. 16). No Answer or responsive pleading was ever filed. On March 7, 2013, this Court issued a Notice of Impending Dismissal informing Plaintiff that his case would be dismissed for failure to prosecute if he did not properly seek an entry of default against Defendant (Doc. 17). On March 12, 2013, Plaintiff filed the pending Motion for Default Judgment (Doc. 19).

The Court finds, however, that Plaintiff's motion for default *judgment* is premature and Plaintiff has failed to file the proper procedure for seeking a default judgment. Under the Court's Local Rule 55.1, a party must first seek an *entry* of default from the Clerk prior to seeking a default judgment. **SDIL Local Rule 55.1(a).** The party then shall give notice "of the entry of default to the

defaulting party by regular mail sent to the last known address of the defaulted party and shall certify to the Court that notice has been sent." *Id.* Only then, may a party seek a default judgment under **Local Rule 55.1(b).** To seek a default judgment pursuant to **Federal Rule of Civil Procedure 55(b)** this Court requires that the motion "contain a statement that a copy of the motion has been mailed to the last known address of the party from whom default judgment is sought. If the moving party knows, or reasonably should know, the identity of an attorney thought to represent the defaulted party, the motion shall also state that a copy has been mailed to that attorney." **SDIL Local Rule 55.1(b).** Here Plaintiff has not first sought an entry of default pursuant to Local Rule 55.1(a) prior to seeking a default judgment. Instead, Plaintiff has merely filed a motion for default judgment. This is improper. Thus, the Court **DENIES** Plaintiff's motion for default judgment (Doc. 19). Plaintiff must first seek an entry of default from the Clerk of Court. At that time, the Plaintiff may seek a default judgment after providing the proper notices as required under the Local Rules.

    **IT IS SO ORDERED**.

    DATED: March 28, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge